**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-11373
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RUBEN GUTIERREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-1-8-1-Y

November 13, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges

PER CURIAM:[*]

Ruben Gutierrez pleaded guilty to conspiracy to possess with the intent to distribute

marijuana, conspiracy to commit money laundering, and three counts of money laundering. Gutierrez

was sentenced to 135 months on each count, to run concurrent. He now appeals that sentence.

Gutierrez contends that the district judge erred at sentencing in determining Gutierrez's

offense level. We affirm.

First, Gutierrez contends that the district judge erred in applying a two point enhancement for

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a dangerous weapon during the commission of the offense.[2] The district judge made a finding of fact that the weapons found in Gutierrez's home were sufficiently connected with the conspiracy to warrant the enhancement. This court reviews that factual determination for clear error.[3]

A search of Gutierrez's home revealed three firearms, three pounds of marijuana, ledgers of drug accounts, and electronic scales. Gutierrez and his son each testified that the marijuana belonged to the son, and had no connection with Gutierrez's distribution network. The district court rejected this testimony as self-serving. "A district court has wide discretion in determining which evidence to consider and which testimony to credit."[4] As the marijuana and the guns were all found in Gutierrez's home, in close proximity to each other, there is no clear error in applying the two point enhancement.

Gutierrez next contends that the district court erred in applying a four point increase to his base offense level. This increase was based on the district court's finding of fact that Gutierrez was an "organizer or leader" of the criminal conspiracy.[5] Again, this court reviews the district court's findings of fact for clear error.[6]

Gutierrez's contention is based on the premise that he was merely a "seller/broker" of marijuana, not an organizer of the conspiracy. In entering a plea of guilty, Gutierrez signed a stipulation of facts outlining his role in the conspiracy.[7] According to that stipulation, the marijuana was supplied by Gutierrez, and distributed at the direction of Juneau and Gutierrez. Based on the stipulated fact that Gutierrez "directed" the distribution of marijuana, the district judge was not clearly erroneous in applying the enhancement.

---

[2] U.S.S.G. § 2D1.1(b)(1).

[3] United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

[4] United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

[5] U.S.S.G. § 3B1.1(a)

[6] United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

[7] Record, vol. I, p. 34-38.

The sentence is AFFIRMED.